IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GULF SOUTH COMMUNITY
REBIRTH FUND I, LLC                                                                    PLAINTIFF

vs.                                                                    CIVIL ACTION NO. 2:09cv198-KS-MTP

R. LEON STINSON, II and ELLEN O. STINSON                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment [Doc. # 14] (May 17, 2010) and memorandum in support [Doc. # 15] filed by Plaintiff Gulf South Community Rebirth Fund I, LLC ("Gulf South"). This Motion is opposed by Defendants Leon and Ellen Stinson ("Leon and Ellen") [Doc. # 20] (June 21, 2010). The Court, having reviewed the motion, the responses, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds as follows:

## I. BACKGROUND

On January 31, 2008, Stinson Petroleum Company ("Stinson") and Gulf South entered into a Credit Agreement for one million four hundred thousand dollars ($1,400,000). Stinson executed a Senior Loan Note for one million three hundred thousand dollars ($1,300,000) loaned at 9.5% interest and a Subordinated Loan Note for the remaining one hundred thousand dollars ($100,000) at 1% interest. *See* Mot. Summ. J., Ex. A, Sub-Exs. B & C [Doc. # 14]. Leon and Ellen executed an Unconditional Guaranty, individually guaranteeing the amounts loaned to Stinson under the Credit Agreement. *See id.*, Sub-Ex. D. On the same date, Gulf South filed a

1

UCC-1 Financing Statement with the Mississippi Secretary of State listing "Stinson Petroleum Company, Inc." as the debtor and "Gulf South Community Rebirth Fund I, LLC" as the secured party. *See* Defs.' Mem. Br. Opp. Summ. J., Ex. A [Doc. # 20]. The financing statement lists as collateral: "All fixed assets, excluding vehicles, located within Census Tract 28067950500, including but not limited to the specific items listed in the attached Schedule A." Defs.' Mem. Br. Opp. Summ. J., Ex. A [Doc. # 20]. Schedule A is a three-page list of secured items. On March 4, 2008, Gulf South refiled its financing statement, listing the same parties and same general description of the collateral, but with an updated Schedule.

On April 15, 2008, Stinson and Gulf South entered into an Amended and Restated Credit Agreement for an additional seven hundred thousand dollars ($700,000). Stinson executed an Additional Senior Loan Note for six hundred fifty thousand dollars ($650,000) loaned at 9.5% interest and an Additional Subordinated Loan Note for fifty thousand dollars ($50,000) at 1% interest. *See id.*, Sub-Exs. F & G [Docs. ## 14-2 & 14-3]. Leon and Ellen executed an Amended and Restated Unconditional Guaranty, individually guaranteeing the amounts loaned to Stinson under the Amended and Restated Credit Agreement. *See id.*, Ex. C, Knox Aff. at Ex. 1 [Doc. # 14-4]. Gulf South is the current holder and owner of all the above referenced notes.

On August 4, 2009, Stinson filed for Chapter 11 bankruptcy in the United States Bankruptcy Court in the Southern District of Mississippi, Jackson Division, Case No: 09-51663-NPO. This case was converted to Chapter 7 on December 16, 2009. Under both the Credit Agreement and the Amended and Restated Credit Agreement, both non-payment and a voluntary petition under the Federal Bankruptcy Code are considered events of default. *See* Credit Agreement, Sections 801(a) & (g). By virtue of the default, all sums loaned under the

agreements are due and payable in addition to accrued interest. Gulf South brings this action to collect the full amount due, with interest, attorneys' fees, and costs, from the two guarantors.

Gulf South seeks summary judgment claiming that there is no genuine dispute of material fact that the guarantors are liable for the debt. In response, the Defendants argue that summary judgment is premature because the validity of the debt between Stinson and Gulf South is at issue. They argue that "the financing statement was not consistent with the requirements of U.C.C. § 9-506, in that Schedule A to the UCC-1 Financing Statement lists assets and equipment which are not property of the debtor." Defs.' Mem. Br. Opp. 3 [Doc. # 20]. Defendants have not specified the assets which should not have been included in the financing statements or presented any evidence to support their allegation. Nor have Defendants cited any case law holding that a financing statement mistake or misrepresentation in the description of the collateral invalidates the underlying credit agreement.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence

and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Prof'l Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323; *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which

highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

Once a properly supported motion for summary judgment is presented, the non-moving party must rebut with "significant probative evidence." *In Re Mun. Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The non-moving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); s*ee also Union Planters Nat'l Leasing*, 687 F.2d at 119.

### III. LAW AND APPLICATION

In this case, there is absolutely no evidence that errors exist in the original or revised secured assets list in Schedule A of the UCC-1 Financing Statement, or, that if such errors do exist, that these errors would invalidate the secured debt agreement as a matter of law. According to the Uniform Commercial Code, "a financing statement is sufficient only if it: (1) Provides the name of the debtor; (2) Provides the name of the secured party or a representative of the secured party; and (3) Indicates the collateral covered by the financing statement." MISS. CODE ANN. § 75-9-502 (2002). "The purpose of the filing system under Article 9 of the Uniform Commercial Code is to provide notice to potential creditors of preexisting liens." *West Implement Co., Inc., v. First S. Prod. Credit Ass'n*, 815 So.2d 1164, 1166 (Miss. 2002) (citing *In re Turnage*, 493 F.2d 505, 506 (5th Cir. 1974); *In re King-Porter Co.*, 446 F.2d 722, 729 (5th Cir. 1971); U.C.C. § 9-402 (1972)). So long as the description of the collateral puts others on notice that a particular item may be included in the secured interest property, the financing

5

statement's description of collateral is adequate. *Id.* The Fifth Circuit has specifically approved a financing statement describing the collateral as "consumer goods" located at a particular address. *See In re Turnage*, 493 F.2d 505, 506 (5th Cir. 1974). "A financing statement substantially satisfying the requirements of this part is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading." MISS. CODE ANN. § 75-9-506(a) (2002).

Here, the financing statements filed with the State of Mississippi on January 31, 2008, and refiled March 4, 2008 with a revised assets list, clearly list the proper names of both the debtor and the secured party. Leon and Ellen have not presented any evidence that any single item should not be listed as collateral, or any proof of even minor errors. Therefore, the general description of the collateral is sufficient, as it provides notice to potential creditors of Gulf South's interest.

Even if the collateral description was not adequate, Leon and Ellen have not cited any statute or case law that the financing statement misrepresentations or mistakes would invalidate the underlying notes between Stinson and Gulf South. Leon and Ellen have not raised any other issues regarding the validity of the debts between Stinson and Gulf South for which they admit to signing the Unconditional Guaranties. Of course, whether certain items secure the debt owed by Stinson is a matter reserved in this instance for the bankruptcy court. On the narrow grounds presented by the defendants, the Court finds absolutely no reason to suspect that the underlying debt agreements guaranteed by Leon and Ellen are invalid. This Court's decision is not meant to preclude the issue of the validity of the debt instruments that may be raised before the bankruptcy court. Instead, the Court only concludes that Leon and Ellen Stinson have failed to

put forth any evidence to create a genuine issue of material fact as to the validity of the debt. Because Leon and Ellen Stinson have failed to present significant probative evidence demonstrating a triable issue of fact, Gulf South's motion for summary judgment will be granted.

## IV. CONCLUSION

Leon and Ellen Stinson admit that they signed the Unconditional Guaranty by which they individually guaranteed all amounts loaned to Stinson Petroleum under the Credit Agreement. They also admit they signed the Amended and Restated Unconditional Guaranty, individually guaranteeing the amounts loaned to Stinson under the Amended and Restated Credit Agreement. Gulf South loaned a total of $2.1 million dollars to Stinson Petroleum, and Leon and Ellen guaranteed the payment of principal, interest, reasonable attorneys' fees, and collection costs and expenses. Leon and Ellen have failed to present any evidence that the underlying credit agreements were invalid or any other evidence demonstrating a triable issue of fact. Therefore, the motion for summary judgment is **granted**.

Gulf South shall submit to the Court a proposed judgment pursuant to L.U.CIV. R. 52(a) (2009). Once approved by the Court, the separate judgment will be entered.

SO ORDERED AND ADJUDGED this the 20th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE